

# NUMBER 13-24-00481-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CONCEPCION BENAVIDEZ,**                                    Appellant,

**v.**

**CASCADE-NUECES HEALTH
SERVICES, LTD.; AND
CIMARRON PLACE HEALTH &
REHABILITATION CENTER,**                                    Appellees.

---

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron**

The law imposes many deadlines on litigants. In this case, appellant Concepcion

Benavidez filed suit against appellees Cascade-Nueces Health Services, Ltd. (Cascade-

Nueces) and Cimarron Place Health & Rehabilitation Center (Cimarron) for negligence, gross negligence, premises liability, intentional infliction of emotional distress, and workers' compensation retaliation. Under Texas Rule of Civil Procedure 21(f)(5), Benavidez contends that she transmitted her petition to an electronic filing service provider (EFSP) two days before the expiration of the applicable two-year statutes of limitations, making her original filing timely. However, appellees counter that, under Rule 21(f)(11), Benavidez did not retain the original filing date because the district clerk returned the filing for correction, the clerk warned Benavidez that she had seven days to resubmit a conforming filing to retain the original filing date, and Benavidez missed the resubmission deadline by more than a month. Moreover, appellees argue that, without retaining the original filing date, all of Benavidez's claims are time-barred.

The trial court agreed with the appellees and granted their motion to dismiss Benavidez's claims under Texas Rule of Civil Procedure 91a. We conclude that Benavidez did not retain the original filing date, and, therefore, her claims were filed outside the statute of limitations. Accordingly, we affirm.

## I.    BACKGROUND

Benavidez worked as a certified nursing assistant at Cimarron, which is owned and operated by Cascade-Nueces. According to her petition, on April 11, 2022, Benavidez was injured on the job after colliding with a resident-operated wheelchair during a power outage. She claimed that appellees had a duty of care to maintain a safe working environment, that they breached this duty in various ways, and that their negligence and recklessness proximately caused her injuries. She further alleged that she "promptly

2

sought the workers' compensation benefits rightfully accorded [to her] under the law," but her claim was "met with an unwarranted refusal by [appellees] to provide further medical treatment," and this refusal amounted to retaliation. Finally, as to her intentional infliction of emotional distress claim, Benavidez alleged a continuing course of conduct that began before the April 11 incident and culminated with the alleged retaliation against her for seeking workers' compensation benefits.

On April 9, 2024, Benavidez transmitted her petition and attendant documents to an EFSP for submission to the Nueces County District Clerk. The following day, the district clerk returned the filing for correction, explaining that the service request sheet was incomplete and that it needed to be filed as a separate lead document rather than as an attachment. The clerk warned Benavidez that, to retain the original filing date, she must resubmit a corrected filing within seven days from the date her original filing was returned.

Benavidez resubmitted her petition that same day. But, on April 11, the district clerk returned the filing again and requested Benavidez to file each document as a separate lead document, rather than a combined PDF, and to correct the copy fee. Like the previous notice, the clerk warned Benavidez that she must resubmit a corrected filing within seven days to retain the April 9 filing date. Benavidez resubmitted her petition on May 20, thirty-two days after the district clerk's stated deadline of April 18. Although the district clerk also returned this filing for further corrections, the clerk file-stamped the petition on May 21, 2024, and assigned it to the 148th Judicial District Court.[1]

---

[1] The district clerk explained in a subsequent notice to Benavidez that, because the filing was returned for correction, it was erroneously assigned to the 148th District Court.

The district clerk requested corrections another three times. After Benavidez submitted the filing for the seventh time on June 6, the petition was accepted by the district clerk and assigned again, this time to the 94th Judicial District Court. Pursuant to a local rule, the 94th District Court granted appellees' motion to transfer the case to the 148th District Court (trial court) and consolidate it with the first-filed action.

Appellees then moved to dismiss under Rule 91a, arguing that Benavidez's claims were time-barred under the applicable two-year statutes of limitations because her legal injury accrued on April 11, 2022, and she did not file her petition, as indicated by the clerk's file stamp, until after limitations ran. Appellees alternatively argued that her workers' compensation retaliation claim failed as a matter of law because appellees were non-subscribers under the Texas Workers' Compensation Act. To support this alternative argument, appellees attached an acknowledgment allegedly signed by Benavidez on June 20, 2019, that states, "This Facility Does Not have workers' compensation insurance coverage. As an associate of a non-covered employer, you are not eligible to receive workers' compensation benefits under the Texas Workers' Compensation Act."

Benavidez responded to the motion to dismiss by filing her own motion. She requested that the trial court declare April 9, 2024, as the filing date of her petition because that was the date she originally submitted her petition to the EFSP. Such a declaration, she explained, would necessarily defeat the motion to dismiss. She supported her motion with copies of the notices she received from the district clerk regarding her various attempts to file the petition and related documents.

Appellees rejoined that Benavidez was not entitled to retain the original filing date

4

because she "failed to comply with the Clerk's instructions to correct the errors in her filings by the deadline designated by the Clerk in accordance with Texas Rule of Civil Procedure 21(f)(11)." Appellees contended that May 20 was the correct filing date, which was still more than two years after Benavidez was allegedly injured at work.

The trial court took up both motions at the same hearing, and all agreed at the outset that Benavidez's motion should be considered first because determining the correct filing date was key to deciding the merits of the motion to dismiss. Benavidez did not dispute that there were technical errors in her filings on April 9 and 10. She did not argue, in other words, that the district clerk acted improperly in returning those filings for correction. She also acknowledged "a large delay" between the April 10 and May 20 filings and did not offer any concrete explanation for the delay other than to suggest that it may have been the result of an "overlooked" email. She specifically disclaimed that she was relying on any good faith exception to the admittedly "late" May 20 filing. Instead, Benavidez insisted that she should retain the original April 9 filing date because nothing in Rule 21(f)(11) expressly states that failure to comply with a clerk's deadline for correction will result in forfeiture of the original filing date.

Appellees countered that Rule 21(f)(11) expressly permits a clerk to establish a deadline for resubmitting a conforming filing, and such a deadline would be meaningless if there was no consequence for failing to meet the deadline. Appellees also noted that the clerk warned Benavidez that retaining the original filing date was contingent on timely resubmission of a conforming filing.

As to appellees' alternative non-subscriber argument, the trial court questioned

5

whether Rule 91a prohibited it from considering the evidence attached to appellees' motion. Appellees acknowledged that they could not show that they were non-subscribers without this evidence, and Benavidez maintained that summary judgment, rather than Rule 91a, was the appropriate vehicle for deciding this evidence-based argument.

There was also a discussion on the record about when the statute of limitations expired. At the beginning of her presentation, Benavidez identified April 11, 2024, as "the statute of limitations date." The trial court later asked Benavidez to clarify "the date for the statute of limitations," and Benavidez responded that it was April 11, 2024, because "the claim happened on April 11, 2022." Benavidez never suggested during the hearing or otherwise that there were different accrual dates for her various claims.

The trial court denied Benavidez's motion and granted appellees' motion to dismiss on the grounds that all her claims "are time barred under applicable statutes of limitations."[2] This appeal followed.

## II. STANDARD OF REVIEW & APPLICABLE LAW

Dismissal under Rule 91a is reviewed de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). This Court therefore reviews the dismissal without deference to the trial court's ruling. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

Under Rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law . . . if the allegations, taken as true, together with inferences

---

[2] The trial court crossed out a portion of the order, proposed by appellees, that would have amounted to an alternative ruling that Benavidez's workers' compensation retaliation claim was also dismissed because appellees are non-subscribers.

reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. However, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action." *Id*. R. 91a.6. For instance, "some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition . . . [and] such defenses are not a proper basis for a motion to dismiss." *Bethel*, 595 S.W.3d at 656.

Claims of negligence, gross negligence, premises liability, and intentional infliction of emotional distress are all subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003. Likewise, a workers' compensation retaliation claim under § 451.001 of the Texas Labor Code is subject to a two-year statute of limitations. *Rivas v. Sw. Key Programs, Inc.*, 507 S.W.3d 777, 779 (Tex. App.—El Paso 2015, no pet.); *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996) (interpreting predecessor statute). To beat the clock on a statute of limitations, a plaintiff must file suit before the expiration of the limitations period. *Cavazos v. Stryker Sales Corp.*, 658 S.W.3d 749, 752 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.). The statute of limitations for a claim begins to run on the date the defendant's conduct causes the plaintiff to suffer a legal injury. *Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456, 461 (Tex. 2023); *e.g.*, *Zurita v. Lombana*, 322 S.W.3d 463, 473 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (applying the statute of limitations based on the accrual date for intentional infliction of emotional distress); *Pirtle v. Kahn*, 177 S.W.3d 567, 570 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (same for negligence and premises liability). For instance, if a worker is discharged in

7

retaliation for seeking workers' compensation benefits, their retaliation claim "accrues when the worker receives unequivocal notice of the termination or when a reasonable person should have known of the termination." *Rivas*, 507 S.W.3d at 779; *see also Marquis Constr. Servs., LLC v. Torres*, No. 13-23-00266-CV, 2026 WL 63039, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2026, pet. filed) (mem. op.).

Finally, this appeal requires us to construe Rule 21, which means "we apply the same rules of construction that govern the interpretation of statutes." *In re Casterline*, 476 S.W.3d 38, 43 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding) (collecting cases). Rule construction is a question of law we review de novo. *Id.* We begin by looking at "the plain language of the rule and construe it according to its plain or literal meaning." *Id.* We read Rule 21 "as a whole to ascertain its intent." *Id.* Courts "are no more at liberty to ignore the plain language of the Rules than we are to ignore binding precedent." *Allstate Fire & Cas. Ins. v. Dollard*, 679 S.W.3d 279, 289 (Tex. App.—Fort Worth 2023, no pet.) (noting that courts of appeal are bound by the Texas Rules of Civil Procedure promulgated by the Supreme Court of Texas).

### III.    ANALYSIS

In what we construe as a single issue, Benavidez contends that the trial court erred by denying her motion and granting appellees' motion to dismiss because she established that the correct filing date was April 9, 2024, which was within the applicable statutes of limitations.[3] Although she admittedly failed to comply with the district clerk's deadline to

---

[3] Benavidez does not argue on appeal that once the trial court considered evidence to determine the correct filing date, Rule 91a was no longer a proper procedural vehicle to dismiss her claims. *See* TEX. R. CIV. P. 91a.6. Under the party-presentation principle, we take appeals as we find them. Therefore, we express no opinion on the matter.

correct her nonconforming filings, she insists that once she transmitted her petition to the EFSP on April 9, her filing date became fixed under Rule 21(f)(5).

We begin by looking at the various parts of Rule 21, and how they work together. A pleading "must be filed with the clerk of the court in writing." TEX. R. CIV. P. 21(a). In 2012, the Supreme Court of Texas mandated e-filing for all civil cases filed by an attorney in district courts, statutory county courts, constitutional county courts, and statutory probate courts under an implementation schedule that was completed on July 1, 2016. Supreme Court of Texas, Order Requiring Electronic Filing in Certain Courts, Misc. Docket No. 12-9206 (Dec. 11, 2012). Accordingly, other than a few exceptions that do not apply here, attorneys are now required to e-file all documents in civil matters. TEX. R. CIV. P. 21(f)(1).

Documents are not e-filed directly with a district or county clerk; instead, they are filed "through the electronic filing manager established by the Office of Court Administration and an electronic filing service provider certified by the Office of Court Administration." *Id.* R. 21(f)(3). Generally, a "document is deemed filed when transmitted to the filing party's electronic service provider." *Id.* R. 21(f)(5). "The original transmission date is the effective date regardless of the clerk's file stamp." *Rawls v. La Fogata Mexican Grill*, 658 S.W.3d 898, 901 (Tex. App.—El Paso 2022, pet. denied). As a sister court observed, Rule 21(f)(5) is "the electronic equivalent of the mailbox rule" because "like the hard-copy mailbox rule, the timeliness of an e-filing is based on when the party transmits the document to the e-filing system—the electronic equivalent of dropping the document into the mailbox." *Dollard*, 679 S.W.3d at 285.

9

However, among other requirements, "[a]n electronically filed document must . . . comply with the Technology Standards set by the Judicial Committee on Information Technology and approved by the Supreme Court." TEX. R. CIV. P. 21(f)(8); *see* TEX. GOV'T CODE § 77.031(5) (directing the committee to recommend rules relating to the electronic filing of documents with courts). "The clerk may not refuse to file a document that fails to conform with this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format." *Id.* R. 21(f)(11); *see also In re Am. Airlines, Inc.*, No. 02-22-00201-CV, 2022 WL 4131198, at *4 (Tex. App.—Fort Worth Sept. 12, 2022, no pet.) (mem. op.) ("A district clerk has a ministerial duty to file a document when it has been properly presented to the clerk."). Under section 4.8.4 of the Technology Standards, a clerk may request corrections for unnecessarily combined documents or insufficient fees, as occurred here. Jud. Comm. on Info. Tech., Tech. Standards Version 8.0, § 4.8.4 (Feb. 2024); *see* Supreme Court of Texas, Approval of Technology Standards, Version 8.0, Misc. Docket No. 24-9010 (March 6, 2024).[4] Under that same section, once a filing is returned for correction, "[t]he filer will have the ability to copy the original filing, make corrections and resubmit the filing *with the original file date* for a period not to exceed 72 hours from the time the filing is returned for correction." Tech. Standards, § 4.8.4 (emphasis added). As our sister court has explained, "[s]o long as the document is refiled in accordance with the clerk's instructions and by the deadline set by the clerk, the effective date of the filing is deemed as the first

---

[4] We are citing the version of the Technology Standards in effect during the relevant period. For the current version, see Supreme Court of Texas, Approval of Technology Standards, Version 10.0, Misc. Docket No. 25-9036 (July 9, 2025).

date the document was transmitted to the filing party's electronic filing service provider." *Nevarez Law Firm, P.C. v. Inv'r Land Servs., L.L.C.*, 610 S.W.3d 567, 570–71 (Tex. App.—El Paso 2020, no pet.).

We agree this is the most harmonious way to collectively read the various parts of Rule 21. Rule 21(f)(5)'s provision that an e-filed document is "deemed filed when transmitted to the filing party's electronic filing service provider" is the modern version of a rule that has existed since early statehood. *See Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143, 144 (Tex. 1990) (per curiam) (explaining that it has long been the rule in Texas that a document was deemed filed "at the time it was delivered to the clerk" and collecting cases going back to 1855). The rule was designed "to protect a diligent party from being penalized by the errors and omissions of the court clerk." *Id.* Now, a party must transmit filings to a third-party EFSP, and Rule 21(f)(5), like its predecessor, continues to protect the diligent party from any errors or omissions on the part of the EFSP or the clerk. *See, e.g.*, *High Rev Power, L.L.C. v. Freeport Logistics, Inc.*, No. 05-13-01360-CV, 2016 WL 6462392, at *3 (Tex. App.—Dallas Oct. 31, 2016, no pet.) (mem. op.) (holding that motion for new trial was timely filed for purpose of extending appellate deadlines "when it was successfully transmitted to the company's electronic service provider" but never forwarded to the county clerk).

But, in exchange for the convenience of e-filing, parties are required to file electronic documents that "comply with the Technology Standards." Tex. R. Civ. P. 21(f)(8). And although they cannot refuse to file a document that fails to comply with the Technology Standards, clerks are authorized to "identify the error to be corrected and

11

state a deadline for the party to resubmit the document in a conforming format." *Id.* R. 21(f)(11). True, Rule 21 could be more explicit in explaining the consequence of failing to meet a clerk's "deadline" for correction, but the term is commonly understood to mean "[a] cutoff time for taking some action, such as filing a court paper, going to press, etc., after which the failure to take timely action carries some negative consequence." *Deadline*, Black's Law Dictionary (12th ed. 2024). In any event, as far as we can tell, consistent with section 4.8.4, clerks around Texas routinely notify parties that retention of the original filing date is conditioned on timely resubmission of a conforming filing. *See* Tech. Standards, § 4.8.4. Meeting such a deadline is simply part of being a "diligent party" in the age of e-filing.

That is not to say clerks always perform their jobs perfectly. There are cases where the clerk improperly rejected a filing, failed to identify the error to be corrected, or failed to provide a deadline for resubmission, and in those cases the court of appeals correctly concluded that the filing party should retain the original filing date because the clerk failed to adhere to Rule 21 and the party resubmitted the filing in the correct format within a reasonable time. *See, e.g.*, *Rawls*, 658 S.W.3d at 901 ("Here, there is nothing in the record to indicate the clerk gave a deadline to file the corrected motion. The record does indicate, however, Galindo followed the clerk's instructions and refiled the motion. Therefore, we hold the original transmission date of August 26 is the effective date of the filing."); *Whitelock v. Stewart*, 661 S.W.3d 583, 594 (Tex. App.—El Paso 2023, pet. denied) ("Here, while the clerk incorrectly rejected the filing due to formatting issues and failed to provide a deadline for resubmission, the Stewarts resubmitted the motion in the

12

correct format within a reasonable time. We therefore conclude that the Stewarts' motion for new trial was timely filed."); *see also Rozanc v. Nance*, No. 02-23-00018-CV, 2023 WL 5767373, at *2 n.4 (Tex. App.—Fort Worth Sept. 7, 2023, no pet.) (mem. op.) (deciding not to reach appellant's second issue because it was unnecessary to the disposition of the appeal but noting "that the trial court clerk should have filed the answer" because "there is nothing in the answer Mooring attempted to file that could be considered 'non-conforming'" (citing Tex. R. Civ. P. 21(f)(11))).

Turning to the facts of this case, Benavidez's counsel first transmitted her petition to an EFSP on April 9, 2024, and did so again the following day after her initial filing was returned for corrections. It is undisputed that the clerk followed Rule 21(f)(11) and the Technology Standards by returning both filings for necessary corrections, rather than rejecting the filings outright, and giving Benavidez a deadline to resubmit a conforming filing. *See* Tex. R. Civ. P. 21(f)(11); Tech. Standards, § 4.8.4. The clerk also clearly warned Benavidez what was at stake if she failed to comply with those deadlines: "You Will Have Seven Days From The Date Of Your Filing Being Returned To Resubmit The Corrected Filing To Retain The Original Filing Date."[5] *See* Tech. Standards, § 4.8.4. Thus, to retain the original filing date of April 9 when her second attempt was returned on April 11, Benavidez was required to resubmit a conforming filing on or before April 18. *See Nevarez Law Firm*, 610 S.W.3d at 570–71. Nevertheless, for unexplained reasons, Benavidez's next attempt to submit a conforming filing occurred more than a month after the expiration of the clerk's deadline. Under these circumstances, we conclude that

---

[5] We note that the clerk's seven-day deadline was more generous than the "72 hours" recommended by the Judicial Commission on Information Technology. *See* Tech. Standards, § 4.8.4.

Benavidez did not retain the original filing date of April 9, 2024, and the earliest date the petition could have been "deemed filed" was when she transmitted her third attempt to an EFSP on May 20. *See id*.

\*     \*     \*

"After a cause has become barred by the statute of limitation, the defendant has a vested right to rely on such statute as a defense." *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) (quoting *Wilson v. Work*, 62 S.W.2d 490, 490 (Tex. 1933) (per curiam)). Moreover, Rule 91a can be a proper procedural vehicle for asserting a statute of limitations defense when the plaintiff's pleading conclusively establishes the accrual date of her claim. *See Bethel*, 595 S.W.3d at 656.

Here, Benavidez alleged that she suffered a personal injury on April 11, 2022. Moreover, during the dismissal hearing, her counsel judicially admitted that the applicable two-year statutes of limitations expired on April 11, 2024. *See In Estate of Guerrero*, 465 S.W.3d 693, 705 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (listing the elements of a judicial admission and explaining that an attorney's "statements on behalf of a client may serve as judicial admissions"). Given the earliest effective filing date of May 20, 2024, we conclude that Benavidez's claims are time-barred and that the trial court did not err by dismissing these claims based on appellees' limitations defense.[6] *See Bethel*, 595

---

[6] We note that the accrual date of Benavidez's workers' compensation retaliation claim is not established by her pleading. She alleged in her petition that she "promptly" made a workers' compensation claim and that her claim was "met with an unwarranted refusal by [appellees] to provide further medical treatment." She also pleaded her claim for intentional infliction of emotional distress as a continuing tort, with the last act of intentional infliction occurring on the same date that her retaliation claim accrued. *See Zurita*, 322 S.W.3d at 473 (explaining that the continuing-tort doctrine tolls limitations until the last act of intentional infliction occurs). Thus, it appears that these claims accrued on some unspecified date after her alleged personal injury on April 11, 2022. Nevertheless, Benavidez has consistently maintained that there is a single limitations period for her claims that expired on April 11, 2024. She never asked the trial court or

S.W.3d at 656. Benavidez's issue is overruled.

## IV. CONCLUSION

We affirm the order of dismissal.

JENNY CRON
Justice

Delivered and filed on the
9th day of July, 2026.

---

this Court to differentiate between her various claims based on potentially different accrual dates. Again, under the party-presentation principle, we cannot raise arguments not presented by the parties themselves. We therefore take Benavidez at her word that the limitations periods for all her claims expired on April 11, 2024.